# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**BRENDAN GARDNER,**

    **Plaintiff,**

v.                                                                     Case No. 3:20-cv-00599

**KARL ALDRIDGE;**
**MAJOR FLEMING;**
**LT. DAVIS;**
**AMANDA MCGREW;**
**and MEDICAL STAFF,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, without prejudice, and that this action be removed from the docket of the court.

## I.    Relevant History

On September 11, 2020, Plaintiff and seven other individuals filed the complaint herein, alleging that they were subjected to systemic racism, deliberate indifference to serious medical needs, biased and unequal application of discipline,

1

and due process violations while incarcerated at the Western Regional Jail and Correctional Facility. (ECF No. 2). The court opened separate civil actions for each of the eight plaintiffs. (ECF No. 1). Brendan Gardner, plaintiff herein, was ordered to file his own completed and signed complaint and to either pay the $400 filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs. (*Id.*). Plaintiff was given twenty days to complete these tasks, and the Clerk of Court supplied him with the appropriate forms. Plaintiff was also advised of his obligation to promptly notify the Clerk of any changes in his address. (*Id.*). According to the docket sheet, this Order was returned to the Court as undeliverable. (ECF No. 4).

On December 3, 2020, after having no contact from Plaintiff, the undersigned issued a Show Cause Order, advising Plaintiff that his complaint would be dismissed for failure to prosecute unless he could show good cause for its retention on the docket. At the time of issuing the Show Cause Order, the undersigned accessed the West Virginia Division of Corrections' and the Regional Jail Authority's inmate locators to determine if Plaintiff had been transferred to a different correctional facility; he was not found to be in this State's custody. Nonetheless, the Show Cause Order was sent to Plaintiff's last address on record and was published on the Court's docket.

More than thirty days have expired since the Show Cause Order was published, and Plaintiff has failed to comply with the Order. Moreover, Plaintiff has made no contact with the Court since the filing of the Complaint nearly four months ago, and he does not appear on either of West Virginia's inmate locator websites.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with

prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Although Fed.R.Civ.P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

3

deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

    Having considered each of these factors, in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that, since initiating the action, Plaintiff has made no effort to check on the status of his case or contact the Court for further instructions. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the Court's docket for nearly four months and, during that time, there has been no action by, nor communication from Plaintiff. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Plaintiff failed to provide the Clerk of Court with a forwarding address and cannot be located, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. As Plaintiff has failed to file his own complaint, and has neither paid the required fee or applied to proceed without prepayment, the Court is left with only two options: dismiss the case, or allow it to sit on the docket dormant. The latter option is patently unfair to the defendants.

    While dismissal is the preferable course, the undersigned acknowledges that the reason for Plaintiff's failure to prosecute his claim is unknown and the merits of

his claims have not been addressed. Therefore, the undersigned recommends that dismissal be without prejudice to account for the unlikely possibility that good cause exists to either reopen or reinstitute the claim.

### III. Proposal and Recommendation

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, and that this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.

Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the adverse party, Judge Chambers, and Magistrate

Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff at his last address on record.

**DATED:** January 8, 2021

_Cheryl A. Eifert_
Cheryl A. Eifert
United States Magistrate Judge